Judge Underwood,
delivered the opinion of the court.
Wu. White, in 1811, with the intent: to defraud' creditors, assigned to Ms son Gilbert, the plaintiff in error, a county court certificate for two hundred and seventy- acrés of land.. In- 1816, said William assigned the plat and certificate of survey to said Gilbert, who obtained a patent in his name for the land in 1817. William 'White died in 1820. This suit was instituted in 1824, by part of his heirs, to-compel Gilbert White to submit to a partition of one hundred and seventy acres of the land among the heirs.. The bill, admits the fraud intended by the assignment of 1831',.but it contends, that the assignment of. 1816, was made for no other cause than to secure • Gilbert White in the title to. one hundred acres of the land which he-had purchased. Gilbert White- in his answer, insists, that he purchased from his father the entire tract, and refuses to make partition. The court decreed a partition of the one- hundred and seventy acres and an account for rents.
We are of opinion, that the decree should be reversed. The parol evidence is somewhat contradictory. There is evidence conducing to show, that the father admitted the sale of the entire tract to the son, whilst the son, during his father’s life time, only claimed to have purchased one hundred acres, or, half the tract. None of the witnesses were present when the contract of 1816,.was entered into, and tlje assignment of the plat and certificate took place. The subscribing, witness to that assignment has left the state, and his deposition was not í alcen. The assignment transfers the entire tract, and purports to he for value received.
We cannot set a precedent by which the heirs of a dead man can rescind the written contract of their ancestor, by proving the verbal statements of the par^es gjght or ten years after the contract was entered, Mto, when it is not pretended, that there was anyfraud. or mistake, or imposition, in. reducing the contract io *445 writing. On the contrary, in this particular case, Wm. White knew full well the nature and extent of the assignment of 1816. To limit it by parol proof, when no imposition upon him, or fraud or mistake is shown, would be effectually to destroy the safety and superioiity of written contracts. The reason for assigning the whole tract, is said to be, to secure Gilbert White in his title to the one hundred acres which lie purchased. Was there not an equal necessity to secure the father in the title to the remaining one hundred and seventy acres? Would not, a thing so obvious strike the parties? Would they not make some provision on the subject, if any had been contemplated?
Whore the father, to defraud creditors, has conveyed land to his son, the heirs of the father, are not entitled to partition of the land, aganst the claim of the son.
Triplett, for plaintiff*: Cunningham., for dcfendanis.
The failure to preserve written evidence, shewing that Gilbert White after obtaining the patent, was to convey the one hundred and seventy acres to his father, is a persuasive consideration to induce a belief, that such was not the contract, or that the whole affair was but a continuation of the fraud against creditors, begun in 1811. In either even', the complainants below had no right to recover. Gilbert White obtains the patent in July, 1817, his father lived with bim on the same tract, until 1820. Why was not the one hundred and seventy acres conveyed? why was it not demanded by the father in his life time? We think, the fair presumption is, that it was not done, either because the old man was not entitled to a conveyance, or because he had voluntarily placed the title in the hands of bis son, and intended it should remain there, the better to enable him to evade the payment of his debts. Every view which we arc able to take of the case, is fatal to the claim of the defendants in error upon its merits.
Wherefore, the decree is reversed, and the cause remanded, with directions to dismiss the bill.
The plaintiff must recover his costs.